1:25-cv-08561
Judge April M. Perry
Magistrate Judge Daniel P. McLaughlin
RANDOM / CAT.2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**



FILED
7/17/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| CHRISTOPHER BROWN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  1:23-cv-02237 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| OFFICER SHERRICK DAVIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### JOINT MOTION TO SEVER PLAINTIFFS' CLAIMS PURSUANT TO RULE 20(a)

Defendants, City of Chicago (the "City"), former Superintendent David Brown ("Superintendent Brown"), and Chicago Police Officers Sherrick Davis (#12192), Aaron McClelland (#9196), Brandon Patrick (#13433), Robert Pendleton (#11166), Victor Jurado (#9392), Lemonica Rider (#9977), Levon London (#18659), Maximo Mora (#7252), Salvador Villanueva (#7461), Sergeant Michael Rake (#2015), and A. A. Khan (#15274) ("Defendant Officers" and collectively, "Defendants"), along with Plaintiffs, Christopher Brown, Malcolm London, Jennifer Pagan, Jasson Perez, Amika Tendaji, and Damon Williams ("Plaintiffs" and together with Defendants, the "Parties"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 20(a), jointly move the Court to sever this case into six separate matters. In support thereof, the Parties state:

### INTRODUCTION

This action was originally filed before this Court in November 2020, as part of an omnibus matter arising from the George Floyd protests that occurred in Chicago, Illinois during the summer of 2020. *See Wilger v. City*, No. 20-cv-0685 (N.D. Ill.) (the "Original Action"). The Original Action included the instant Parties, more than 50 other plaintiffs, and dozens of other defendant

officers. In September 2022, the plaintiffs and defendants in the Original Action filed a Joint Motion to Sever Pursuant to Rule 20(a), requesting the Court to sever the parties into eighteen separate cases based upon date, time, and location of the protests. *See id.* at Dkt. 127. On April 6, 2023, this Court entered an Order granting the parties' Joint Motion to Sever in part and severed the omnibus matter into fifteen severed cases. *See id.* at Dkt. 142. The Court severed Plaintiffs Brown, London, Pagan, Perez, Tendaji, and Williams from the Original Action and consolidated them into this case for purposes of judicial economy.

Now, with the benefit of discovery, the Parties request that this Court further sever Plaintiffs' claims (and the corresponding defendants) as follows:

1.    Plaintiff: Christopher Brown

Defendant Officers: Aaron McClelland (#9164), Maximo Mora(#7252); Brandon Patrick (#13433); and Sherrick Davis (#12192)

Defendants Superintendent David Brown and City of Chicago

2.    Plaintiff: Malcolm London

Defendant Officer: Maximo Mora (#7252); Levon London (#18659); Vincent Jorado (#9392; Lemonica Rider (#9977); Salvador Villanueva (#7461); and Sergeant Michael Rake (#2015); Aaron McClelland (#9164); A.A. Khan (#15274)

Defendants Superintendent David Brown and City of Chicago

3.    Plaintiff: Jasson Perez

Defendant Officers: Victor Jorado (#9392), Lemonica Rider (#9977), Lavon London (#18659); Guillermo Gama (#17268)

Defendants Superintendent David Brown and City of Chicago

4.    Plaintiff: Jennifer Pagan

Defendants Superintendent David Brown and City of Chicago

5.    Plaintiff: Amika Tendaji

Defendant Officer: Aaron McClelland (#9164)

Defendants Superintendent David Brown and City of Chicago

6. Plaintiff: Damon Williams

Defendant Officers: Guillermo Gama (#17268); Aaron McClelland (#9164); Brandon Patrick (#13433), Sherrick Davis (#12192), and Robert Pendleton (#11166)

Defendants Superintendent David Brown and City of Chicago

The Parties further request that the Executive Committee order groups two through six above be assigned new case numbers pursuant to Rule 20(a) in order to efficiently resolve the Plaintiffs' separate claims, and keep group one under the current case number (Case No. 1:23-cv-02237).

## ARGUMENT

It is well understood that "[t]he decision of whether to sever a case 'lies within the trial court's sound discretion….'" *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 694 (N.D. Ill. 2009) (citing *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993)). Federal Rules of Civil Procedure 20 (joinder) and 21 (motions to sever) jointly govern such situations. *Id.*; *see also*, *Lozada v. City of Chicago*, No. 10 C 1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010) (stating that "[a]lthough Rule 21 does not set forth a standard for proper joinder, courts have applied the permissive joinder requirements of Rule 20(a)"). Rule 20(a) permits permissive joinder when the joined cases contain both "a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences" and "a question of law or fact common to all the plaintiffs." *Id.*

3

To analyze whether joinder is proper, courts employ "a case-by-case approach … because no hard and fast rules have been established" as to when parties or claims should be severed. *Bailey*, 196 F.R.D. at 515. Courts rely on several factors, including the time-period of the allegations, the relatedness of the allegations to one another, whether the allegations are a different type, whether the same persons were involved, the geographical locations of the allegations, and whether a unifying policy is alleged. *See, McDowell*, 645 F. Supp. 2d at 694 (detailing the same factors above in the employment context). Furthermore, courts also consider relevant factors of judicial policy such as "the convenience and fairness to parties…[,] the claim's separability in logic and law…[,] justice[,] and [whether severance would] facilitate the prompt and efficient disposition of the litigation." *Bennett v. Sch. Directors of Dist. 115*, No. 96 C 2422, 1996 WL 495555, at *2 (N.D. Ill. Aug. 28, 1996) (citing *Hebel v. Ebersole*, 543 F.2d 14, 17 (7th Cir. 1976)).

To this end, courts interpret Rule 20 "liberally to achieve its purpose and exercise 'wide discretion' in deciding whether to sever a party.'" *Lozada*, 2010 WL 3487952, *2 (citing *Gorence v. Eagle Food Ctr., Inc.*, No. 93 C 4862, 1996 WL 734955, at *3 (N.D. Ill. Dec. 19, 1996)). Rule 20's purpose is "'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Bailey*, 196 F.R.D. at 515 (citing *Gorence*, 1996 WL 734955, at *3). "Misjoinder occurs when the parties fail to satisfy either of the requirements for permissive joinder under Rule 20." *McDowell*, 645 F. Supp. 2d at 694. At this point, "Rule 21 comes into effect and allows the Court to add or drop a party, or sever any claim against another party." *Id.*

### Defendants' Position

Here, Defendants contend that severance will facilitate an efficient resolution of this litigation. Although there is some factual overlap among Plaintiffs' claims, this case is the

functional equivalent of six Section 1983 cases packed into one. Plaintiffs could have — and arguably should have — filed their claims separately. Although the Executive Committee's April 2023 severance order improved the manageability of this litigation significantly, it is now apparent, with the benefit of discovery, that Plaintiffs' claims vary considerably in terms of (1) the level of physical injuries alleged by plaintiffs, and (2) the amount of documentation available to corroborate or dispute Plaintiffs' allegations. As such, Defendants contend that grouping in one action Plaintiffs with relatively weaker claims and Plaintiffs with relatively stronger claims unnecessarily complicates the Parties' efforts to seek an expeditious resolution to the case. Moreover, the Defendant Officers will be unfairly prejudiced if Plaintiffs' claims are tried together because there is a danger that the jury may hold the Defendant Officers responsible for alleged misconduct in which they were not personally involved.

### Plaintiffs' Position

Plaintiffs allege that they were injured during a protest that occurred on May 30, 2020, in Chicago's Hyde Park neighborhood, and that the Chicago Police Department (CPD) violated their constitutional rights. Plaintiffs Brown, London, and Williams assert, among other things, claims under the First and Fourth Amendments based on false arrests and the use of excessive force. Plaintiffs Pagan, Perez, and Tendaji primarily focus on excessive force claims. Although the alleged misconduct occurred during the same protest, each Plaintiff was harmed at different times and under distinct circumstances.

While Plaintiffs assert that numerous Defendant officers engaged in similar unlawful conduct, the trial will necessarily focus on the individualized actions of each officer in the specific moments preceding and during their use of force against each Plaintiff. This highly individualized factual inquiry supports severance of the claims. Furthermore, many Plaintiffs witnessed the harm

suffered by the others and are expected to testify on one another's behalf, which underscores the overlapping—but ultimately distinct—nature of the claims.

Plaintiffs contend that a single, consolidated action might have promoted judicial efficiency had Defendants pursued different litigation strategies. However, nearly five years into this case, it has become evident that severance is now the most efficient path toward resolution.

Accordingly, the Parties request that the Court sever each Plaintiffs' claims (and the corresponding Defendants), and that the Executive Committee order the assignment of new case numbers based upon the groupings enumerated above, to facilitate the prompt and efficient disposition of the litigation. This proposal will ensure the Plaintiffs' individual claims can be resolved in a judicially efficient manner.

Defendants agree to waive assertion of the statute of limitations based solely on the refiling of Plaintiffs' severed claims (but reserve the right to raise such defense on any other possible grounds). As no additional parties or claims are being added to Plaintiffs' severed claims, the Parties further request that the filing fee be waived for the newly numbered separate action.

## CONCLUSION

WHEREFORE, pursuant to Rule 20(a), the Parties jointly ask this Court to enter an order at this time severing the claims of Plaintiff London, Pagan, Perez, Tendaji, and Williams from the claims of Plaintiff Brown, assign new case numbers to the five newly created cases, waive any filing fee for the newly created cases, and for any other relief this Court deems to be proper.

Dated: May 28, 2025                                    Respectfully submitted,

By: /s/ *Sheila A. Bedi*

Sheila A. Bedi
Sheila.Bedi@law.northwestern.edu

6

COMMUNITY JUSTICE AND CIVIL RIGHTS
CLINIC, NORTHWESTERN PRITZKER SCHOOL
OF LAW
357 East Chicago Avenue
Chicago, IL 60611
(312) 503-2492

Vanessa del Valle
vanessa@kaplangrady.com
Adam Smith
adam@kaplangrady.com
KAPLAN & GRADY
2071 N. Southport Ave., Suite 205
Chicago, IL 60614
312-852-2184

Ben H. Elson
ben@peopleslawoffice.com
Nora P. Snyder
norasnyder@peopleslawoffice.com
Brad J. Thomson
brad@peopleslawoffice.com
Janine L. Hoft
janinehoft@peopleslawoffice.com


Tayleece Paul
tayleece@peopleslawoffice.com
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave
Chicago, IL 60642
(773) 235-0070

*Counsel for Plaintiffs*

By: /s/ Allan Slagel
Special Assistant Corporation Counsel
Allan T. Slagel
aslagel@taftlaw.com
John F. Kennedy
jkennedy@taftlaw.com
Andrew S. Murphy
amurphy@taftlaw.com
Adam W. Decker
adecker@taftlaw.com
Joan E. Ahn

jahn@taftlaw.com
Sara Schroeder
sschroeder@taftlaw.com
T. Hudson Cross, IV
HCross@taftlaw.com
Special Assistants Corporation Counsel
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
312-527-4000

*Attorneys for Defendants Brown and
City of Chicago*


By: /s/ *Whitney N. Hutchinson*
Special Assistant Corporation Counsel

Timothy P. Scahill
tscahill@borkanscahill.com
Steven B. Borkan
sborkan@borkanscahill.com
Whitney N. Hutchinson
whutchinson@borkanscahill.com
Misha Itchhaporia
mitchhaporia@borkanscahill.com
Molly E. Boekeloo
mboekeloo@borkanscahill.com
Krystal Gonzalez
kgonzalez@borkanscahill.com
Amanda Christine Guertler
aguertler@borkanscahill.com
Special Assistants Corporation Counsel
BORKAN & SCAHILL, LTD
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 580-1030

**Counsel for Defendant Officers**